IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KH OUTDOOR, L.L.C., | : |
| Plaintiff | : |
| v. | : CIVIL ACTION |
| | : FILE NO. 1:03-CV-1855-HTW |
| FULTON COUNTY, GEORGIA, | : |
| Defendant | : |

ORDER

The above styled matter is before the court on the motion of plaintiff KH Outdoor, L.L.C. ("plaintiff" or "KH") for attorneys' fees and expenses. Defendant Fulton County ("defendant") has filed a response in opposition. This motion was filed pursuant to 42 U.S.C. §1988.

BACKGROUND

From June to September 2003, Trinity Outdoor, LLC, a predecessor-in-interest to KH, submitted 32 applications to defendant seeking to post outdoor advertising signs in the county. The applications sought to post signs on commercial properties that were adjacent to some of the county's busiest thoroughfares. The county either failed to process or affirmatively denied all applications. Defendant's actions were based upon the then existing county sign ordinance.

Pursuant to 42 U.S.C. §1983, KH sued the county claiming that the sign ordinance was constitutionally deficient and the denial of the applications was improper.

During the pendency of the litigation, the Fulton County Superior Court, and subsequently the Georgia Supreme Court, concluded that the county's sign ordinance was unconstitutional and that those who submitted applications while the unconstitutional law was in effect acquired vested rights and were entitled to post their signs.

Prior to trial of the case, this court determined that the only issue to be tried was damages. From August 3, 2012 through August 10, 2012, a trial was held as to the amount of these damages. On August 10, 2012, the jury returned a verdict in favor of KH in the total amount of $3,972,037.50. On August 13, 2012, this court entered a judgment in favor of KH (and against the county) in the amount of $3,972,037.50.

## DISCUSSION AND CONCLUSIONS OF LAW

In its motion, plaintiff contends that it should be awarded attorneys' fees and expenses in the amount of $477,156.78. Another plaintiff initially named in the lawsuit, Granite State Outdoor Advertising, has settled with the defendant. Plaintiff states that a review of billing records submitted shows that Granite State fees and expenses were removed.

In the response, defendant contends that the fees and expenses sought by plaintiff are excessive in several regards. Defendant asserts that the court should reduce plaintiff's request by a minimum of 50%. Defendant contends that plaintiff has failed to submit sufficient billing records. Also, defendant contends that plaintiff has been inefficient and duplicative in its billing and use of legal time.

In the response, defendant outlines several objections to plaintiff's fee claims. Among these are the following: the hourly rates are unreasonable, plaintiff failed to exercise

2

billing judgment and plaintiff failed to deduct redundant hours.

In the papers filed, both parties referred to factors this court must consider in reaching a decision. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974). Plaintiff argues that when these factors are applied to this case, plaintiff is not entitled to the amount of attorneys' fees and expenses claimed in this case. As one example, defendant states that plaintiff was represented by eleven separate lawyers at various times while this case was pending. Defendant also contends that this court should consider the amount sought at trial (over $18,000,000) and the amount recovered (about $4,000,000).

## ANALYSIS

There is no question that plaintiff is the prevailing party in this case. As to whether the rates claimed by the attorneys for the plaintiff are reasonable, the court has considered all of the evidence in the record, including the declarations submitted.[1] The court finds the lead attorneys in the case (Webb and Klase) have vast experience in §1983 cases. Also, Mr. Boone's record shows that he is an expert in the trial and preparation of civil cases. The rates charged by the less experienced lawyers for the plaintiff appears to be in line with market rates in this area. In summary, the court concludes that the rates charged by the lawyers for the plaintiff are reasonable under the facts of this case.

Defendant also questions whether the lead attorney for the plaintiff, Mr. Webb, should be allowed to charge his current hourly rate for work done in the case as early

---

[1] Defendant's objections to the declaration of attorney David Flint are overruled.

as 2003. The court finds that no basis has been shown to justify a downward reduction of Mr. Webb's hourly rate.

In view of the foregoing, the motion of the plaintiff for attorneys' fees and expenses will be granted. Accordingly, plaintiff is hereby AWARDED $477,156.78 in attorneys' fees and expenses.

SO ORDERED, this 29th day of August, 2012.[2]

HORACE T. WARD, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2]This order terminates docket entry number 267.

4